[No. 4,158.]

REVILLO A. SWAIN *v.* CHARLES P. DUANE ET AL.

DEED TO MARRIED WOMAN FOR CONSIDERATION.—A deed to a wife, made by a person other than the husband, for a valid consideration paid to the grantor by the husband, which conveys the property to the grantee "as her separate property, and to and for her sole and separate use," constitutes the premises, in law, the separate estate of the wife, and the husband cannot maintain ejectment for their recovery.

IMPROVEMENTS BY HUSBAND ON WIFE'S PROPERTY.—If the wife has the legal title as of her seperate estate, the building of fences and other acts of possession done by her husband will be considered to have been done by him as her agent, for her benefit, and in subordination to her title.

OUTSIDE LANDS IN SAN FRANCISCO.—A conveyance made by the city of San Francisco to one in possession of outside lands merely has the effect to aid and assure the title already held.

LEGAL EFFECT OF DEED IN EJECTMENT.—If the husband brings ejectment, and relies on a deed to his wife making the demanded premises her separate property, as a muniment of title, and no equitable defense is set up, neither party can make enquiry for the purpose of controlling or defeating the legal effect of the deed.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The defendant appealed.

The other facts are stated in the opinion.

*G. W. Tyler,* for the Appellant.

*E. A. Lawrence,* for the Respondent.

By the Court, WALLACE, C. J.:

The action is ejectment, and the plaintiff having rested, the defendant moved for a nonsuit, which motion was denied, and the defendant not offering any evidence, judgment was rendered for the plaintiff.

To establish his right to recover, the plaintiff gave evidence tending to prove that, in 1855 or 1856, one Treat was in possession of the premises in controversy, and while so in possession conveyed them to one Reis; that in 1867, Reis, in consideration of two thousand four hundred dollars paid by plaintiff, conveyed the premises to Alice H. Swain, the wife of the plaintiff, "as her separate property, and to and for her sole and separate use, benefit and behoof," etc.; that in 1868-9, the plaintiff caused the premises to be inclosed with a fence, etc.; and that in 1871 the City and County of San Francisco made to the wife of the plaintiff a quitclaim deed of the premises.

1. The conveyance from Reis to Alice H. Swain, made in June, 1867, though made for a valuable consideration paid

to the grantor, running to her, as it did "as her separate property and for her separate use, benefit, and behoof," etc., constituted the premises her separate estate. This is apparent upon the face of the instrument by which Reis parted with his estate. It was the intent of the grantor that the grantee should be seized of the premises conveyed, not as of property belonging to the marital community of which she was a member, but as of her separate estate; and in an action of this character no inquiry is to be permitted to either party for the purpose of defeating or controlling the legal effect of the deed, as vesting the premises in the grantee as of her separate estate.

It is not doubted that a creditor of the husband seeking to subject the property to the payment of his debt, or indeed, any person having an interest in the question, upon proper allegation, and impleading the wife as a party, might institute an inquiry into the true nature of the transaction in which the conveyance to her originated; but the case at bar is not one of that character, and the legal import of the conveyance, appearing on its face, cannot be displaced or overcome by proof *ab extra*.

2. The wife being seized of the premises, as of her separate estate, the building of the fence, and other acts of possession done by her husband in 1868-9, must be considered to have been done by him as her agent, for her benefit, and in subordination to her title, and not as independent acts of possession for his own benefit, or in hostility to her title.

3. The effect of the quitclaim deed of the city to Alice, made in 1871, purporting to convey to her the same premises, was merely to aid and assure the title and possession which she then already held under the conveyance from Reis.

It results that the plaintiff did not establish in himself a right to recover the possession of the premises, and the nonsuit should have been granted.

Judgment reversed and cause remanded for a new trial.

RHODES, J., concurring specially:

I concur with the Chief Justice in his opinion in respect to the operation and effect of the deed of Reis to Alice H. Swain; and also in respect to the admissibility and effect of evidence to alter or control the legal operation and effect of the deed, in any action except one in which the pleadings present the issue, and in which the proper parties are before the Court.

I am of the opinion that the deed from the city to Alice H. Swain is to be regarded as a donation, and that it conveyed to her, as her separate property, whatever title the city then held.

McKINSTRY, J., concurring specially:

I concur in the judgment.