[Civ. No. 4036. Third Appellate District.—March 20, 1930.]

In the Matter of the Estate of ANNIE D. ROBERTSON NELSON, Deceased. B. E. ROBERTSON et al., Appellants, v. WILLIAM NELSON et al., Respondents.

J. F. Coonan for Appellants.

Puter & Quinn for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a decree of partial distribution. The appellants as heirs of a former

deceased husband of Annie D. Robertson Nelson, deceased, claim they are entitled to participate in the distribution of said estate under subdivision 8 of section 1386 of the Civil Code.

Jonathan Robertson was employed as a farm hand by Mr. Dale, the father of said deceased, at $30 per month. Mr. Robertson and Annie Dale were married June 11, 1891. There were no children born as the issue of this marriage. For a period of time they leased upon shares the Dale ranch in Humboldt County. Their income from this farm was small. Robertson had no other source of income or means so far as the record discloses. Shortly before Annie Dale's marriage to Mr. Robertson she inherited about $3,000 from the estate of an old gentleman by the name of Grinnell whom she had nursed during his last illness. After her marriage to Mr. Robertson she was given $1,000 by her father. In 1912 she was given by her father $10,000 additional upon the sale of his 640-acre tract of timber land. At the death of her father in 1916 she inherited the further sum of about $9,000. In 1897 she purchased the valuable Walker ranch in Humboldt County, taking the title deed in her own name. As a part of the purchase price she executed a mortgage upon this ranch to her father for $4,000, which was subsequently released. This ranch was operated for several years by the joint efforts of Mr. and Mrs. Robertson. Sometimes she transacted the business affairs incident to the management of the farm and sometimes he looked after the business. Once he executed a memorandum lease of this farm in his own name without her signature. The farm, however, was always retained in her name alone. She paid all the taxes on this property. This ranch became quite valuable.

The evidence indicates that Mrs. Robertson acquired in the course of a number of years notes, stocks, bonds and money in bank amounting to a considerable sum. There is no definite evidence that Jonathan Robertson ever acquired any specific property with the exception of some lots of uncertain value. In 1914 he was stricken with paralysis and gradually became helpless until it was necessary to move him about in a wheel-chair. March 23, 1914, he executed and delivered to his wife deeds of conveyance to these lots standing of record in his name, which were situated in Brookdale and Hydesville, Humboldt County.

The history of the existence of several different bank accounts standing in the names of the spouses during their married life is revealed by the evidence. At first the record of these bank accounts appeared in the name of "J. F. Robertson or Annie Robertson." In one of these accounts there was deposited $7,000 in Liberty Loan bonds "for safe keeping." Before the death of Jonathan Robertson these bank accounts had been closed, with the exception of two of them, which were changed during Mr. Robertson's lifetime to "Annie Robertson or J. F. Robertson, or the survivor." Mr. Trollnes, the manager of the Home Savings Bank of Eureka, testified regarding the record of the account, "The account is (in the names of) Annie Robertson or J. F. Robertson, payable to either survivor." There remained in this account after the death of Mr. Robertson a balance of $10,204.51, which was withdrawn upon the check of Mrs. Robertson May 7, 1924. . There was another account in the Fortuna bank which was carried in the names of "J. F. Robertson or Mrs. J. F. Robertson." Mr. Newell, an officer of that bank, testified that this account was also changed to a joint and survivorship account before the death of Mr. Robertson.

The inventory which was filed in this estate shows the possession of notes, stocks, bonds, money in bank and personal effects of the total appraised value of $24,780.81. It is contended by the appellants that, with the exception of the first three items which appear consisting of bonds and cash in bank amounting to the sum of $8,999.57, the respondents failed to account for the source of the funds with which the remaining notes, bonds and personal property were acquired.

Jonathan Robertson died February 2, 1922. His estate was never probated. Annie Robertson married William Nelson in June, 1926. She died intestate June 30, 1927, leaving surviving her as her only heirs William Nelson, her husband, two sisters and a brother, all of whom joined in the petition for partial distribution. The brothers and sisters of Jonathan Robertson contested this petition and prayed that they be permitted to participate in partial distribution of this estate on the theory that the estate of their deceased brother owned a community interest in the property of Annie D. Robertson Nelson, deceased.

The court found that the contestants were not heirs of Annie Robertson Nelson, deceased, and were, therefore, not

entitled to participate in her estate and that the estate of Jonathan Robertson had no community interest in said estate.

It would be an arduous task to attempt to follow the intricacies of the numerous business transactions of Mr. and Mrs. Robertson through a period of thirty-one years of married life. It is sufficient to say that the evidence satisfactorily shows that Jonathan Robertson was without means when he was married and that beyond the cost of their living he never succeeded in accumulating any specific property except the lots which he voluntarily deeded to his wife shortly before his death. Upon the contrary, it satisfactorily appears that all of the money with which the spouses secured their accumulation of money, stocks, bonds, notes and real property, except as hereinbefore stated, came from gifts and legacies to Annie Robertson Nelson and which, therefore, became her separate property. We are of the opinion that the findings of the court to the effect that the estate of Jonathan Robertson had no community interest in the property of this estate, and that the contestants are, therefore, not entitled to participate in the distribution of the estate, are amply supported by a preponderance of the evidence. The burden is on one who asserts a community interest in property to establish his claim by a preponderance of the evidence.

The fact that money was originally deposited in a bank in the joint names of Mr. and Mrs. Robertson does not conclusively determine the title thereto, nor necessarily signify that it was community property. In 4 California Jurisprudence, 199, section 89, it is said:

"Neither does the separate property of the wife become joint property, with a right of survivorship, merely because of a deposit in a bank in the name of the wife and her husband, in the absence of evidence respecting the purpose of making the deposit or the circumstances under which it was made, for such a form of deposit may be entirely consistent with the desire on the part of the wife to give her husband mere authority to withdraw money from the bank for her from time to time as she might need it." (*Denigan* v. *Hibernia Sav. & Loan Soc.*, 127 Cal. 137 [59 Pac. 389]; *Mutual Benefit Life Ins. Co.* v. *Clarke,* 81 Cal. App. 546 [254 Pac. 306].)

When a joint account of a husband and wife is changed with the knowledge and the consent of the parties so that it becomes payable to either ''or the survivor,'' the title to that portion of the account which remains at the death of one spouse absolutely vests in the survivor regardless of which one originally held title to the money. (4 Cal. Jur. 195, secs. 87, 88; 3 R. C. L. 527, sec. 155; *Estate of Gurnsey*, 177 Cal. 211 [170 Pac. 402] ; *Conneally* v. *San Francisco S. & L. Society*, 70 Cal. App. 180 [232 Pac. 755].)

In the present case the evidence satisfactorily supports the assumption that it was the intention of the spouses to vest the title to the bank accounts in the survivor. It follows that regardless of whether Jonathan Robertson may have held a community interest in these accounts during his lifetime, that interest terminated at his death and Annie Robertson Nelson, as the survivor, became vested with the exclusive title thereto.

Even though it be true that the testimony fails to show the times when many of the items of personal property which are listed in the inventory were acquired, or the source of the revenue from which they were derived, it does not necessarily follow that therefore these items must be deemed to be community property. Our attention is called to no evidence which shows that they were acquired by the spouses during their marriage. The appellants have failed to sustain the burden placed upon them in this regard. Jonathan Robertson died in February, 1922. His wife married Nelson in 1926 and she died June 30, 1927. So far as the record discloses, all of these items may have been acquired from the unchallenged separate funds of Mrs. Annie Robertson Nelson after the death of her first husband. Indeed, it may be true that these items were acquired after her marriage with Nelson, with the exception of two small notes which she secured after her first husband's death in March, 1924, and December, 1925, respectively. It is true that property acquired by a wife after marriage, except such separate property as comes within the definition of section 162 of the Civil Code, is deemed to be community property. But this does not necessarily include such property as is acquired after the death of her husband, nor after she has remarried. Of course, under such circumstances the property may still

belong to the community interests, but to establish that fact it would require evidence that it was purchased with community funds. No such showing appears in the present case. There is no sufficient evidence upon which to base a finding that any of the personal property which is described in the inventory is community property.

Regardless of the source of the funds from which the lots were purchased which Jonathan Robertson voluntarily deeded to his wife in 1914 those instruments effectively conveyed to her an absolute title to the property. In the absence of fraud, undue influence or evidence to the contrary it will be presumed that a voluntary conveyance of real property from a husband to a wife is intended as a gift to which she takes title as her separate property. (Sec. 158, Civ. Code; 5 Cal. Jur. 349, sec. 30; 13 Cal. Jur. 850, sec. 49.)

So, also, with respect to the purchase of the Walker ranch the title to which was taken in the name of Annie Robertson. The weight of the evidence indicates that this ranch was purchased with the separate funds of the wife. But appellants contend that some of his money was contributed to the purchase price and that community funds were subsequently applied upon the purchase price of the ranch. Even though this be true, in the absence of evidence that it was the intent of the spouses that it should become community property, it will be deemed to be the separate property of the spouse to whom it is deeded. If a conveyance of real property is made from a third party to the wife with the husband's knowledge and consent, the property is deemed to be her separate property. (Sec. 164, Civ. Code; *Stafford* v. *Martinoni*, 192 Cal. 724 [221 Pac. 919]; *Donze* v. *Donze*, 88 Cal. App. 769 [264 Pac. 294]; 13 Cal. Jur. 854, sec. 50.) The intention must be inferred from the surrounding circumstances, declarations and conduct of the parties at the time of the transfer. (*Gilmour* v. *North Pasadena Land Co.*, 178 Cal. 6 [171 Pac. 1066]; *Fanning* v. *Green*, 156 Cal. 279 [104 Pac. 308]; *Cohn* v. *Smith*, 37 Cal. App. 764 [174 Pac. 682].) Where the conveyance is made from a third person to the wife with the knowledge of the husband, regardless of whether it is paid for from the community funds or from his separate funds, in the absence of fraud or undue in-

fluence, it will be presumed to have been intended as a gift. (*Miller* v. *Brode*, 186 Cal. 409 [199 Pac. 531]; *Estate of McCauley*, 138 Cal. 546 [71 Pac. 458]; *Swain* v. *Duane*, 48 Cal. 358; 13 Cal. Jur. 855, sec. 50.) ▮▮▮ Nor does it destroy the separate character of the wife's title to farming land even though the husband may conduct much of the business of operating the ranch, or even though he assumed the authority to rent the place by executing a lease in his own name. This effort on his part was unexplained, unauthorized and futile. The assistance which he rendered his wife in operating the farm is entirely consistent with her absolute ownership of the property on the theory that in so doing he was acting as her agent. (*Swain* v. *Duane*, 48 Cal. 358.)

In view of the foregoing conclusion that the findings of the court to the effect that the estate of Jonathan Robertson had no community interest in the estate of his wife, it becomes unnecessary to construe the application of subdivision 8 of section 1386 of the Civil Code upon which the appellants rely as authority for distribution to them.

The decree of partial distribution is affirmed.

Plummer, J., and Finch, P. J., concurred.