[Civ. No. 7716. First Appellate District, Division Two.—December 20, 1930.]

WILLIAM SYLVESTER, Respondent, v. MABEL SELLERS et al., Appellants.

Fogel & Beman and John W. Loucks for Appellants.

Goudge, Robinson & Hughes and Ernest C. Carman for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment quieting title to a house and lot in Los Angeles County. The defendants answered and a trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendants have appealed and have brought up typewritten records.

The plaintiff and Alice Sylvester, now deceased, were husband and wife. The defendants are respectively their daughter and their son. On August 2, 1912, Mr. and Mrs. Sylvester purchased a house and lot from Ruth P.

Williams. At the time the purchase was made the plaintiff possessed a small amount of money which was his separate property. They used that money in making the down payment. The husband was employed as a mechanic and his wages were used to make the deferred payments. After the property was purchased a small store was installed on the property and during the daytime the store was attended by Mrs. Sylvester and when the husband was at home he assisted in attending to the store. The profits of the store also went into the payments made on the house and lot. All payments had been made as early as the month of April, 1914. The wife had a fairly good education, but the husband had only a slight knowledge of French and less knowledge of English. The deed of August 2, 1912, from Ruth P. Williams was made directly to Alice Sylvester. On October 4, 1912, the husband executed a grant deed to his wife. On January 24, 1924, the husband executed a quitclaim deed to his wife. Some time before her death Mrs. Sylvester made a purported will in which she attempted to convey the entire title to their two children, these defendants. The defendants contend that the deeds made by the plaintiff and the will made by their mother vested the title wholly in them and that the trial court erred in making findings in favor of the plaintiff. The plaintiff replies that the case presented nothing but questions of fact, that those questions of fact rested on conflicting evidence and that the ruling of the trial court in his favor cannot be disturbed on appeal.

█ When the action was called for trial the plaintiff took up the burden of proof and throughout the trial continued to bear the burden of proof. Thereafter the trial court made a finding with reference to each one of the deeds above mentioned. As to the deed from Ruth P. Williams the court found: "That substantially all of the negotiations for and details of said purchase of the above-described real property in said city of Los Angeles were conducted and arranged by the plaintiff's said wife, Alice Sylvester; that at the time of said purchase of said property, said Alice Sylvester, stated and represented to the plaintiff, William Sylvester, that it would make no difference as to how the title was conveyed or whether the said above described property was received by plaintiff or her, and that in any event, under the laws

of California, whichever one of them outlived the other would receive the whole of the said property but that it would be for both of them while both lived." As to the deed dated October 4, 1912, the trial court found: "That in these circumstances and shortly prior to October 4th, 1912, said Alice Sylvester stated and represented to the plaintiff, William Sylvester, that it was necessary for him to sign and acknowledge a written document or paper which she had caused to be prepared for the purpose of authorizing her to sign bills or receipts for groceries delivered and to be delivered, from time to time, at and to said grocery store; that she directed plaintiff to the office of a notary where said paper or written document had been prepared and requested him to sign and acknowledge the same." In that same connection the trial court also found that the plaintiff believed the representation so made, acted thereon, could not and did not read the instrument, and that the same was not read to him, but that he executed it in reliance on the representation so made to him. As to the deed executed January 23, 1924, the trial court found: "That at or about the time of said transaction last hereinabove described, and shortly prior to January 23rd, 1924, said Alice Sylvester stated and represented to the plaintiff that he and she, the said William Sylvester, and Alice Sylvester, might lose their home (meaning and referring to the hereinabove described property involved in this action) if any person should obtain judgment against them for the recovery of damages arising or resulting from the operation of an automobile which they had previously acquired and had been and then were driving and operating; that said Alice Sylvester then further stated and represented to the plaintiff that she had caused her said attorney to prepare a writing or document which, if signed and acknowledged by the plaintiff and said Alice Sylvester, would remove said danger of loss of their said home and make it impossible for said property to be taken by any person to satisfy any judgment or claim for damages arising from the operation of said automobile; that said Alice Sylvester then requested plaintiff to sign and acknowledge said written instrument for the purpose which she had so stated to him, and she directed him to an office in said city of Los Angeles where said written instrument was then held awaiting his signature thereto." In connection with the

finding last quoted, the trial court also found that the plaintiff believed the representation, executed the deed, did not read it, nor was it read to him, nor did he know the meaning or contents thereof. Without reciting the evidence, it is sufficient to state that each of said findings was fully supported by the evidence given by the plaintiff while a witness on the stand. Furthermore he called other witnesses who testified that Mrs. Sylvester frequently referred to the property as *our* place and that she never spoke of it as *mine*. The defendants call to our attention that on one occasion the plaintiff and his wife were discussing street improvements and that plaintiff said: "Well, the property is yours; attend to it." The plaintiff took the stand and denied making any such statement. While dwelling on the statement just quoted, it is well to note that said statement is the only piece of evidence in the record which tends to contradict the story as told by the plaintiff. We think it is clear that there was evidence in the record which supported the findings made by the trial court. The defendants rely on the provisions of section 164 of the Civil Code and the presumption therein stated. It is sufficient to state that the direct testimony given by the plaintiff and his witnesses operated to dispel said presumption if such evidence was believed by the trial court. The defendants also cite and rely on *Donze* v. *Donze*, 88 Cal. App. 769 [264 Pac. 294]. We find nothing in that case that is opposed to anything which we have stated above. At page 774 of 88 Cal. App., the court said: "There are, however, actually well-recognized exceptions to this rule, as for instance, where an instrument has been procured through fraud, coercion, undue influence, or mistake." Of course, it is the contention of this plaintiff that he brought himself within the exception. As stated above, there was evidence supporting the findings of the trial court. Therefore, we think his contention is clearly supported by the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.