Filed 5/25/23  Chiaramonte Construction & Plumbing v. Gutierrez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHIARAMONTE CONSTRUCTION & PLUMBING, INC., | F083765 |
| Plaintiff and Respondent, | (Tulare Super. Ct. No. PCU274273) |
| v. | |
| GREGGORY JOE GUTIERREZ et al., | **OPINION** |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Tulare County.  Gary M. Johnson, Judge.

Greggory Joe Gutierrez and Maria Gutierrez, in pro. per., for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

-ooOoo-

Defendants appeal a judgment entered in favor of a corporate plaintiff that was, apparently, a suspended corporation at the time judgment was entered. We conclude defendants' failures to (1) provide *any* proper citations to the appellate record, (2) establish that they preserved this issue below, and (3) to provide an adequate record, require affirmance of the judgment.

## FACTS

Plaintiff Chiaramonte Construction & Plumbing, Inc. (Plaintiff) sued several individuals including appellants and defendants Greggory Joe Gutierrez (Gutierrez) and Maria Gutierrez. Plaintiff asserted that he entered into a contract to rebuild defendants' home that reportedly sustained major fire damage.[1]

At a court trial, plaintiff produced a contract purportedly signed by Gutierrez. Gutierrez testified he reviewed the contract, agreed to its terms, and met to sign the contract but did not actually sign it because he did not have a working pen. The court inferred that plaintiff's agent later filled in Gutierrez's signature.

Nonetheless, plaintiff began the work contemplated by the contract with Gutierrez's knowledge. Consequently, the court found the document was a "binding contract" between plaintiff and defendants. However, the contract did not define the scope of work adequately. As a result, the court found plaintiff was entitled to recover the reasonable value of the actual work performed.

The judgment dated November 8, 2021, ultimately provided that plaintiff was to recover $201,576.91 from defendants, among other provisions.[2] Defendants Greggory Gutierrez and Maria Gutierrez appeal.

---

[1] The complaint is not in the appellate record, but a later-issued judgment summarized plaintiff's claims. The following facts are from the judgment.

[2] Plaintiff's counsel asserted in opening argument that the homeowners received $296,000 from their insurance carrier for the damage to the home.

## DISCUSSION

**I.    Defendants Have Failed to Establish Error on Appeal**

### A.    *Defendants Have Forfeited Their Appellate Contention*

Defendants claim on appeal, without any citation to the record, that plaintiff's business license was suspended as of September 23, 2021. Defendants included an attachment to their opening brief, which appears to be a printout from the California Secretary of State's website. The printout references Chiaramonte Construction & Plumbing, Inc. and lists its status as "Suspended – FTB" and lists an "inactive date" of September 1, 2021.[3] However, attaching a document to an opening brief is not a proper means of establishing a fact. Rather, defendants needed to cite to the appellate record to support their claim.

Indeed, defendants' entire brief does not contain a single citation to the clerk's or reporter's transcripts. All appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "It is incumbent upon the parties to an appeal to cite the particular portion of the record supporting each assertion made. It should be apparent that a reviewing court has no duty to search through the record to find evidence in support of a party's position." (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565.)

---

[3] On February 1, 2021, plaintiff's counsel filed a document entitled "Notice of Abatement/Inability to Defend Appeal Due to Suspended Status," in this court. Plaintiff's counsel represented the Secretary of State's website indicates plaintiff is indeed a suspended corporation.

The present appeal may proceed even though plaintiff/respondent is a suspended corporation. While suspended corporations cannot prosecute or defend legal actions, they still may be sued, and a default may be taken against them. (*Grell v. Laci Le Beau Corp.* (1999) 73 Cal.App.4th 1300, 1306.) Thus, a suspended corporation's presence as a party does not require litigation to halt. The suspension merely prevents the corporation from actively participating by prosecuting or defending itself in the action. This does not negate appellant's right to pursue an appeal.

If a party fails to support an argument with the necessary citations to the record, the argument will be deemed forfeited. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) This rule applies to pro per litigants just as it does to represented parties. (*Id.* at pp. 1246–1247.)

Defendants have clearly forfeited their contention by failing to make *any* proper citations to the appellate record.

**B.** ***Defendants Failed to Show they Preserved the Issue for Appellate Review***

Moreover, we note that defendants have not established that they preserved this issue below. "A defense based on a party's lack of capacity to sue can be forfeited. [Citation.] Specifically, '[a] defense based on a suspended corporation's lack of capacity to sue " 'is a plea in abatement which is not favored in law, is to be strictly construed and must be supported by facts warranting the abatement' at the time of the plea." ' [Citation.] Such a defense ' " 'must be raised by [the] defendant at the earliest opportunity or it is waived.' " ' " (*Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 806.)

**C.** ***Defendants Have Failed to Provide a Sufficient Record***

Additionally, defendants have failed to produce an adequate record for us to determine whether a proper objection was made below. We have been unable to locate the pleadings – including defendants' answer to the complaint – in the appellate record. We therefore cannot determine whether the issue defendants raise on appeal was properly preserved. Because it was defendants' burden to ensure an adequate record, its insufficiency cuts against them here.

## CONCLUSION

For these reasons, defendants have failed to adequately demonstrate and support their claim of error, and we must affirm the judgment.

## DISPOSITION

The judgment is affirmed.  Each party shall bear their own appellate costs.


POOCHIGIAN, Acting P. J.

WE CONCUR:


FRANSON, J.


PEÑA, J.