Filed 9/25/15  Marriage of Wyman and Pawar CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of MICHELLE WYMAN and SUDHIR PAWAR. | |
| MICHELLE WYMAN,<br><br>          Respondent,<br><br>v.<br><br>SUDHIR PAWAR,<br><br>          Appellant. | A142197<br><br>(Alameda County<br>Super. Ct. No. RF05-220007) |

Appellant Sudhir Pawar and respondent Michelle Wyman were formerly married and have a daughter, who is now 12 years old.  Custody and visitation have been contentious issues.  The most recent family court order granted sole legal and physical custody to Wyman, who has relocated with the child to Washington, D.C., with visitation to Pawar, who also has relocated to the East Coast.  The entire matter was transferred to the District of Columbia courts.

Pawar, appearing pro se, challenges the custody and visitation order.  He also contests a fee sanctions award to Wyman under Family Code section 271,[1] denial of his request for reimbursement of costs of parental psychiatric evaluations, an order requiring him to share certain counseling expenses for his daughter, and a wage garnishment order for back child support.  To the extent the orders he challenges are appealable, we affirm.

---

[1] All statutory references are to the Family Code.

1

## I. BACKGROUND

Pawar provides only a limited record of proceedings in the trial court and cites to none of it.[2] He simply recites in his briefs what he perceives to be the "facts." The only record citations are provided by Wyman.[3] We recite the facts based on that record.

The parties' marriage was dissolved on September 15, 2000. The limited record we have indicates that the custody and visitation order Pawar complains of was entered on April 15, 2014, following a hearing conducted on March 12, 2014, before the Honorable Tara Flanagan.[4] The order granted sole legal and physical custody to Wyman. Pawar was granted "custodial visitation" in four-hour increments during the child's spring breaks, three nonconsecutive weeks of summer visitation, and twice weekly telephone calls. The court also ordered that the child attend individual psychotherapeutic counseling with a counselor selected by Wyman, and required that the costs be "split equally between the parties." A request by Pawar for a custody evaluation was "denied without prejudice." Pawar's "request for reimbursement for payment for Dr. Sugarman's services" was also denied without prejudice. No transcript of the March 2014 hearing has been provided.

---

[2] Pawar did not request a clerk's transcript. His notice designating the record on appeal indicates that he elected to proceed by an appellant's appendix under California Rules of Court, rule 8.124. He submitted none. Pawar submitted reporter's transcripts of oral proceedings on June 27, 2013, July 3, 2013, November 21, 2013, January 7, 2014, and January 23, 2014. He cites to none of the testimony, argument, or rulings in any of these transcripts.

[3] Pawar attaches to his opening brief as "exhibits" a copy of findings and order after hearing from June 27, 2013 (which have no apparent relevance) and a copy of findings and order after a March 12, 2014 hearing we discuss *post*. Pawar improperly attempted to attach additional documents as exhibits to his reply brief, which was stricken by order of April 21, 2015.

[4] On January 23, 2014, the court (Hon. Donald Shaver) granted a petition by Wyman to change venue to the Superior Court of the District of Columbia, retaining jurisdiction through completion of the March 12 hearing. The order was filed on February 14, 2014. Pawar does not appear to contest this order, nor does it affirmatively appear that any appeal would be timely.

2

The fee award that Pawar contests was entered by Judge Flanagan on February 3, 2014, following hearing on January 23, 2014. At the January hearing, the court indicated that it was taking Wyman's request for fees and cost under submission, and that it would issue its ruling "after review of the Court's file." The court's February 3 minute order recites that the court had "reviewed the court file and the history of the pleadings, requests for orders, ex parte requests, and OSCs re: contempt filed since May, 2013. [Wyman's] Timeline of Significant events, filed 1/22/14, and her attorney's Declaration in Support of Attorney's Fees filed 11/19/13 were particularly enlightening."[5] The court found that Pawar's filings since May 2013 were "harassive, duplicitous, litigious, and vexatious." The court awarded $4,000 in fees pursuant to section 2030,[6] payable in $500 monthly installments to Wyman's counsel, and $14,000 in attorney fees as sanctions under section 271, finding that "[Pawar's] multiple and unsuccessful filings with this court have unnecessarily driven [Wyman's] legal fees sky-high, and frustrated the policy of the family law courts to promote settlement and cooperation." The court further found that Pawar had the ability to pay the sanctions. The order was served on Pawar by mail by the clerk of the court on the date of entry.

The wage garnishment and related support orders Pawar complains of are not in the record before us. An "exhibit" to his opening brief references a hearing on child support and support arrearages set for July 3, 2013. The register of actions indicates that a hearing occurred on that date, and that findings and an order after hearing were filed.

_____

[5] Pawar again provides none of these documents. The relevant request for attorney fees appears to be included in Wyman's appendix. The referenced declaration of Wyman's counsel is not.

[6] "In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 2030, subd. (a)(1).)

Pawar provides a transcript of the hearing, but he cites to nothing in that record to support a claim of error. The court's findings, apparently filed on July 3, 2013, are only attached (improperly) as an "exhibit" to Pawar's opening brief and appear to relate to a June 27, 2013 hearing.

## II.    DISCUSSION

We first consider what issues are actually before this court. According to the register of actions, Pawar filed his notice of appeal on June 11, 2014. The copy submitted to this court states that Pawar is appealing a "Judgment after court trial" entered on April 15, 2014, and a copy of the April 15, 2014 findings and order after hearing is attached.[7] A record copy of the order is included only in Wyman's appendix. As noted *ante*, the hearing occurred on March 12, 2014, and no reporter's transcript of March hearing was provided. While Pawar's opening brief seeks review of the February 3, 2014 fee order, and of a wage garnishment order (apparently emanating from a July 3, 2013 hearing on child support matters), his notice of appeal does not mention either order.[8] Appeal from both orders would, in any event, appear to be time-barred. (See Cal. Rules of Court, rule 8.104.) Only the orders entered on April 15, 2014, are subject to appellate review.

Pawar, however, fails to meet even the most basic requirements that would permit any meaningful review. It is a cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) And the appellant has the burden of providing an adequate record for review. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.) "In the absence of a contrary showing in the record, all presumptions in

---

[7] Pawar attached another copy of the April 15, 2014 findings and order after hearing as an "exhibit" to his opening brief.

[8] Pawar's briefing also does not acknowledge the family court's broad discretion in ruling on a motion for fees and costs. We would not reverse absent a showing that "no judge could reasonably have made the order, considering all of the evidence viewed most favorably in support of the order." (*In re Marriage of Winternitz* (2015) 235 Cal.App.4th 644, 657.)

favor of the trial court's action will be made by the appellate court.  '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' "  (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.)  " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' "  (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Moreover, "[T]he party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.)  Further, "[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see Cal. Rules of Court, rule 8.204(a)(1)(C).)  Pawar does not.  It is not the responsibility of this court to search through the record seeking evidence in support of a party's position.  (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565.)  It is equally well established that we do not reweigh the trial evidence.  It is the exclusive province of the trier of fact to determine the credibility of a witness and to resolve evidentiary inconsistencies.  (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Pawar is not exempt from the rules because he has chosen to represent himself on appeal in propria persona.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.)  "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."  (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

*Custody and Visitation*

"The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test.  [Citation.]  The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best

interest' of the child. We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

Pawar alleges that the court awarded sole custody to Wyman "[d]espite there being no motion or petition being filed." Not only does he fail to cite to or provide any record to support this claim, Wyman's appendix shows otherwise. On October 29, 2013, Wyman sought a order awarding her sole legal custody.

Pawar also contends that the trial court issued the custody and visitation order "without looking at the facts in the case and certainly without looking at its own findings . . . ." He also asserts that no evidence was presented warranting an award of sole legal and physical custody to Wyman. Again, Pawar cites to nothing in the record to support his allegations. In our review, we must presume that the record contains evidence to support every finding of fact, unless an appellant affirmatively shows otherwise. (*Huong Que, Inc. v Luu* (2007) 150 Cal.App.4th 400, 409.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Pawar fails to meet his burden to affirmatively show error. (See *People v. Giordano* (2007) 42 Cal.4th 644, 666.)

### *Denial of Reimbursement*

Pawar argues that the trial court erred in denying his request for reimbursement of half of the cost of psychiatric evaluations of both parents, contending that the court had earlier ordered the costs to be shared equally. He cites to no evidence of any earlier order. He does not articulate a standard of review. To the extent that he contends that an order is not supported by substantial evidence, Pawar must " 'set forth a fair and adequate statement of the evidence which is claimed to be insufficient.' " (*Huong Que, Inc. v. Luu*, *supra,* 150 Cal.App.4th at p. 409.) He does not. This burden cannot be shifted to Wyman, " 'nor is a reviewing court required to undertake an independent examination of

the record.' " (*Ibid*.)  Pawar could not, in any event, prevail under either a substantial evidence or abuse of discretion standard of review for the reasons previously set forth.

### III.    DISPOSITION

The trial court's orders are affirmed.  Wyman shall recover her costs on appeal.

_____
BRUINIERS, J.


WE CONCUR:


_____
JONES, P. J.


_____
NEEDHAM, J.

A142197