Filed 12/12/14  Alatraqchi v. Metro Cab CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RASHID ALATRAQCHI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>METRO CAB, LLC, et al.,<br><br>    Defendants and Respondents. | A140578<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-11-516342) |

Rashid Alatraqchi appeals from a judgment entered against him and in favor of defendants Metro Cab, LLC (Metro Cab) and its owner, Richard Hybels (collectively Defendants), following a bench trial.  Alatraqchi fails completely to demonstrate error, and we affirm.

**BACKGROUND**

Apparently Alatraqchi was a taxi driver with Metro Cab and was terminated at some point.[1]  He filed a "Civil Rights" complaint against Defendants on December 5, 2011.  The complaint is not in the record, and we do not know what causes of action were pled.  Alatraqchi filed a first amended complaint on July 5, 2012, which also is not in the record.  Defendants moved for summary judgment.  On May 3, 2013, Judge Peter Busch denied summary judgment and granted in part a motion for summary adjudication.  No

---

[1] We say apparently because Alatraqchi, who appeared pro se in the trial court and who represents himself here, provides very little of the record of proceedings below and cites to none of it in his briefing.  Defendants' briefing also is singularly unhelpful in providing any factual context for this matter.

1

pleadings, minutes, or interim orders are provided. On July 22, 2013, the matter was assigned to trial before Judge Ernest Goldsmith. Alatraqchi did not demand a jury, and Defendants waived jury on October 16, 2013. Defendants' trial counsel indicated that the only causes of action remaining for decision after the earlier summary adjudication ruling were "Causes No. 3 and 6, harassment on the basis of national origin and religion, and intentional infliction of emotional distress." Judge Goldsmith, with the benefit of a complete record, agreed.

Alatraqchi presented only his own testimony in support of his claims. He stated that he had been terminated by Hybels after a traffic accident, and that Hybels said that he did not like Alatraqchi or where Alatraqchi was from,[2] calling Alatraqchi a "[f]ucking Muslim" and a "[f]ucking Arab[]." Alatraqchi testified that he suffered stress from his termination and that he was taking medications to help him sleep. At the close of Alatraqchi's testimony, Defendants moved for nonsuit on the harassment cause of action on the basis that Alatraqchi had failed to file a complaint with the California Department of Fair Employment and Housing and therefore failed to exhaust his administrative remedies.[3] Defendants also moved for nonsuit on the claim for intentional infliction of emotional distress on the ground that Alatraqchi had failed to show outrageous conduct by either Metro Cab or Hybels, and that Alatraqchi had failed to produce any evidence he had suffered severe emotional distress. The court took Defendants' motions under submission. The Defendants called Metro Cab taxi drivers who were Muslims of Middle Eastern descent, all of whom testified that they had known Hybels for many years and never observed him engage in any discriminatory conduct. Hybels testified that he owned Metro Cab, leased a cab to Alatraqchi, and terminated Alatraqchi's contract because Alatraqchi had too many accidents. Hybels denied making any derogatory comments to Alatraqchi about either his religion or his national origin, and denied yelling

---

[2] Trial testimony indicates that Alatraqchi is a Shiite Muslim originally from Iraq.

[3] The written motion is not part of the record before us.

or using any profanity in speaking to Alatraqchi. The case was taken under submission, and neither party requested a statement of decision.

On October 21, 2013, Judge Goldsmith issued a "Decision and Order Re: Court Trial." The court found that "Plaintiff has failed to prove both causes of action by a preponderance of the evidence." Judgment was entered in favor of Defendants on October 30, 2013. Alatraqchi filed his notice of appeal on December 17, 2013.

## DISCUSSION

We begin with one of the most basic rules of appellate review: "[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness. [Citation.]" (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650.) As a result, "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised. [Citation.]" (*Id.* at p. 649.) Error must be affirmatively shown. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) It is equally well established that we do not reweigh the trial evidence and must defer to the factfinder's credibility resolutions; it is the exclusive province of the trier of fact to determine the credibility of a witness and to resolve evidentiary inconsistencies. (*People v. Young* (2005) 34 Cal.4th 1149, 1181; *People v. Watts* (1999) 76 Cal.App.4th 1250, 1258–1259 [" 'any conflict or contradiction in the evidence, or any inconsistency in the testimony of witnesses must be resolved by the trier of fact who is the sole judge of the credibility of the witnesses' "]; *Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631 [the reviewing court "must accept as true all evidence and all reasonable inferences from the evidence tending to establish the correctness of the trial court's findings and decision, resolving every conflict in favor of the judgment"].)

Alatraqchi fails utterly to meet his burden here. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see also Cal. Rules of Court, rule 8.204(a)(1)(C).) Alatraqchi does neither. When an appellant raises an issue "but fails to support it with reasoned

3

argument and citations to authority, we treat the point as waived. [Citations.]" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116 [claim on appeal may be denied if unsupported by argument applying legal principles to particular facts of the case].) Moreover, to the extent that Alatraqchi contends that the evidence was insufficient to support the judgment against him, he does not even attempt to set forth in his brief all material evidence, and not merely his own evidence. " 'Unless this is done the error is deemed waived.' [Citations.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; see also *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [appellant must " 'set forth a fair and adequate statement of the evidence which is claimed to be insufficient' "; this burden cannot be shifted to respondent, " 'nor is a reviewing court required to undertake an independent examination of the record' "].)

Alatraqchi fails utterly to present any coherent or cogent argument showing error. He cites to nothing in the meager record provided, and he cites no relevant authority. In asserting that he did not receive a fair trial, Alatraqchi engages in what is largely a vitriolic anti-Semitic rant against Judge Goldsmith (and Judge Peter Busch).[4] Much of Alatraqchi's briefing argues that he was an employee of Metro Cab, rather than an independent contractor, but he provides no inkling of why this was relevant to any issue at trial.[5] Similarly, he cites several fraud statutes without suggesting what bearing they

---

[4] We observe from our review of the record that Judge Goldsmith exhibited remarkable patience in dealing with Alatraqchi and clearly sought to ensure that Alatraqchi had every opportunity to present any relevant evidence.

[5] Alatraqchi, by motion filed June 2, 2014, asked that we take judicial notice of an article referencing a Ninth Circuit Court of Appeals decision holding that taxi drivers are employees, rather than independent contractors. He also asked that we take judicial notice of the register of actions in this matter. We deny the request. The first document is not relevant, and it is unnecessary for us to take judicial notice of the register of actions, which is already part of the record. In a second motion filed on August 14, 2014, Alatraqchi requested judicial notice again of the article about the Ninth Circuit decision, register of actions, records relative to his medical treatment following a November 2009 vehicle collision, and correspondence (predating and following trial) with, inter alia, defense counsel, the State Bar, the Commission on Judicial Performance, and the Equal

4

might have in his case. He does not discuss the requisite elements of either cause of action before the court,[6] nor does he discuss what proof he offered as to any element of either claim. He does not explain why the court erred in accepting the evidence offered by Defendants and rejecting his. While it is not the responsibility of this court to search through the record seeking evidence in support of a party's position (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565), we find none to support Alatraqchi's.

Alatraqchi is not exempt from the rules because he has chosen to represent himself on appeal in propria persona. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.) "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]" (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

## DISPOSITION

The judgment is affirmed.

---

Employment Opportunity Commission. With the exception of the register of actions, it does not appear that any of these documents are part of the trial record, and Alatraqchi fails to establish any basis for us to take judicial notice of these items. The August 14 request for judicial notice is therefore also denied.

[6] See *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051 (elements of claim for intentional infliction of emotional distress) and Government Code section 12940, subdivision (j)(1) (prohibition on workplace racial/religious harassment).

_____

BRUINIERS, J.

WE CONCUR:


_____

SIMONS, Acting P. J.


_____

NEEDHAM, J.

6