Filed 10/10/23  Robert I. v. Alisa B. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| ROBERT I.,<br><br>        Respondent,<br><br>v.<br><br>ALISA B.,<br><br>        Respondent;<br><br>LAURENCE B.,<br><br>        Appellant;<br><br>R.I.,<br><br>        Respondent. | A163212<br><br>(Alameda County<br>Super. Ct. No. HF11598669) |

This is the second appeal in this matter, which began as a dispute between Robert I. (Father) and Alisa B. (Mother) over custody and visitation for minor R.I. (Minor).  In the previous appeal, we affirmed an order requiring Minor's maternal grandfather, Laurence B. (Grandfather), who had intervened in the action, to pay $137,010 in attorney fees that Minor's court-appointed counsel incurred through September 16, 2018.  (*Robert I. v. Alisa B.* (Mar. 29, 2021, A157943) [nonpub. opn.] (*Robert I.*).)  In 2020, while that appeal was pending, the trial court held an evidentiary hearing on a further request for attorney fees by Minor's counsel, after which the court ordered Grandfather to pay $187,548 in fees Minor's counsel had incurred since

1

September 17, 2018. Grandfather now appeals from the second fee order, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Background and First Appeal*[1]

Minor's parents were in a relationship in southern California and had a child in common, Minor, whom Mother brought to northern California in 2009. In October 2011, Father filed a petition in family court seeking to establish a parental relationship as to Minor, then three years old, and requesting joint custody and visitation. The matter has been highly contested ever since.

In June 2016, after Grandfather filed a request for order seeking nonparent custody, the court appointed Dean Feldman as counsel for Minor pursuant to Family Code section 3150.[2]

A trial was held in 2018 on Grandfather's request for custody and on whether Grandfather should be ordered to pay Minor's counsel's attorney fees. Grandfather declined to submit an income and expense declaration, but he had paid his own attorneys about $500,000 in fees and costs and stipulated he was financially able to pay any reasonable amount of fees. In a judgment entered in May 2019, the trial court denied Grandfather's request for custody and granted sole legal and physical custody of Minor to Father. The court granted Grandfather visitation, ordered him to pay Feldman $137,010 for fees incurred in representing Minor through September 16,

---

[1] Our summary of the history of this matter through the first appeal draws primarily on our opinion in *Robert I.* and on the Statement of Decision issued by the trial court after the 2020 evidentiary hearing that is the basis of this appeal.

[2] All undesignated statutory references are to the Family Code. All references to rules are to the California Rules of Court.

2018, and ordered Feldman to reimburse the court for any amounts he had received from the court for his services in the case. Grandfather challenged the fee award on appeal, and we affirmed. (*Robert I., supra.*)

B.     *Further Litigation and Feldman's 2019 Request for Fees*

Litigation over Minor's custody and visitation continued apace after the 2018 trial. Among other things, starting in mid-2018, Mother, who had not been actively involved in the litigation for some time, and who had been ordered to have no contact with Minor, filed requests for visitation and custody. Although Mother was self-represented, one of Grandfather's attorneys, George Eshoo, argued on her behalf at hearings, objected to proposed orders submitted by others in connection with her requests for orders, and fax-filed pleadings for her. In May 2020, the court ordered Mother to represent herself unless and until counsel appeared on her behalf. Soon after, Eshoo substituted in as her counsel of record, while continuing to represent Grandfather.

Meanwhile, in August 2019, Feldman filed a request for an order that Grandfather pay fees he incurred as Minor's counsel from September 17, 2018 through July 2019 in the amount of $59,880, as reflected in billing statements attached to the request. In his supporting declaration, Feldman stated that the requested fees had been incurred in preparing his written closing argument after the 2018 trial as well as in other work in the matter, and that since the trial Grandfather had continued to participate in all matters in the proceeding through his attorney. By September 2019, as reflected in a further declaration to which additional billing statements were attached, Feldman was requesting that Grandfather pay a total of $70,717 for fees incurred from September 17, 2018 through September 9, 2019.

An evidentiary hearing on the fee motion was eventually set for August 20, 2020.

As reflected in a declaration Feldman filed on August 18, 2020, Feldman sought $187,680 in fees and $988.27 in costs incurred from September 17, 2018 through August 12, 2020, as well as $5,700 for 19 hours of anticipated future work. In his declaration, Feldman discussed his experience as an attorney and stated that his hourly rate for services was $300. He described at some length the work he had done in the case for Minor since the 2018 trial, and the reasons for some of the actions he took as Minor's counsel, including his efforts to quash a subpoena that Grandfather issued in a civil case Grandfather had filed in San Mateo County. He also outlined respects in which he incurred fees for Minor as a result of actions taken by Grandfather and Grandfather's attorneys.

C.    *Evidentiary Hearing, Statement of Decision, and Judgment*

At the evidentiary hearing, Mother and Father were cross-examined on the income and expense statements they had filed.

Feldman submitted his August 18, 2020 declaration in lieu of direct testimony, and also submitted several exhibits, including his billing records through August 12, 2020, which were admitted as evidence.[3] He was cross-examined by attorneys representing Grandfather and Mother on the declarations and exhibits.

---

[3] Grandfather complains that the record on appeal does not include Feldman's billing statements from September 2019 to August 2020. But it is Grandfather's responsibility as appellant to provide this court with an adequate record for appeal (*Ketchem v. Moses* (2001) 24 Cal.4th 1122, 1140-1141), and he did not designate the hearing exhibits for inclusion in the record. (See rules 8.122 & 8.224 [concerning contents of clerk's transcript and designation of exhibits].)

4

Grandfather was not present at the hearing. There is no indication that he filed an income and expense declaration, but the court stated at the hearing that Grandfather had previously stipulated on the record that he was financially able to pay a fee award of any amount. Attorney Eshoo, who represented Grandfather and Mother, stated that he was charging $450 per hour in the case. Attorney Ward, who, along with Eshoo, represented Grandfather, stated that she was billing $350 per hour.

Feldman's post-hearing submissions included a declaration in which he stated that he sought $202,620 in fees and $988.27 in costs for his work as Minor's counsel from September 17, 2018 through September 4, 2020. His billing records for August 2020 and the first four days of September were attached to the declaration.

On October 30, 2020, the trial court issued a tentative statement of decision. The only objections were submitted by Feldman, who challenged some of the court's tentative factual findings; alerted the court to his supplemental declaration which sought fees for work through September 4, 2020; and requested an additional $6,600 for 22 hours of work he performed after September 4. No party responded to Feldman's objections, or took issue with the additional fees that he sought.

D.    *Statement of Decision and Judgment*

The trial court issued its final statement of decision in December 2020. In a comprehensive statement that ran 10 single-spaced pages, the court outlined the relevant procedural and factual background; Grandfather's involvement in the case; the appointment and compensation of Minor's counsel; the evidence and arguments presented by the parties; the propriety of requiring Grandfather, as opposed to Minor's parents, to pay a fee award; and the reasonableness of the fee requested.

5

The court found that the education and work experience of Mother and Father suggested their earning capacity could cover only the basic expenses of their households. The court found that Grandfather provided Mother and Minor with housing, including utilities, as well as "some necessities of life," and that Grandfather "has fully underwritten [Mother's] participation in this litigation."[4]

As to Feldman's then-pending fee request, the court found that a significant portion of the fees Feldman was requesting had been incurred in connection with Grandfather's custody trial, including the preparation of written closing argument, and that a second significant portion consisted of fees incurred in responding to Grandfather's motions, objections, and challenges, and in litigating matters in which Grandfather asserted a legal interest, including motion practice concerning Grandfather's visitation rights and Grandfather's motion to compel Father to return a mobile phone he bought for Minor. Such fees, the court concluded, were clearly recoverable from Grandfather. With respect to fees that were generated "in connection with matters ostensibly concerning only the custodial rights of the parents," the court found that Grandfather's counsel of record "filed declarations and briefs and presented oral argument, issued subpoenas, hired forensic experts, and engaged with the parties and counsel outside of court." The court also found that Grandfather participated in those proceedings "by funding and controlling [Mother's] litigation efforts." The court concluded that in view of

---

[4] The court stated that although Mother characterized her arrangement with Grandfather as to her attorney fees as a "loan," she could not describe any specific repayment terms. And Mother stated that Grandfather incurred fees as he deemed necessary, without her input, and that she had never received an accounting of fees incurred on her behalf or of the balance of her loan from Grandfather.

Grandfather's stipulation that he had the financial ability to pay any fee award and the parents present inability and lack of capacity to pay the fees, it was appropriate for Grandfather to pay the fees incurred by Minor's counsel to the extent the fees are reasonable.

The court concluded that Feldman's rate of $300 per hour was reasonable, considering his experience representing minors in the family court and the fact that counsel for other parties in the case were charging substantially higher rates. The court further found that for the most part, Feldman's requested fees were reasonable. The court stated it had carefully reviewed Feldman's billing records as well as the record in the case. The court found that Feldman had provided services that included conferring with Minor, conducting legal research, drafting briefs, declarations and other pleadings, coordinating services for Minor, gathering information from third parties, corresponding with parties and counsel, and responding to frequent communications from Mother and/or Grandfather. The court found that the hours Feldman spent fairly correlated with the activity in the case and Minor's reasonable need for representation.

The court observed that the reasonableness of the time Feldman spent on the case must depend upon the nature and complexity of the case. The court found that Mother and Grandfather collectively requested multiple trials on custody; filed numerous requests for orders; repeatedly challenged Feldman's appointment; filed challenges to multiple bench officers; and routinely sought reconsideration of orders by the family court and the Court of Appeal. Feldman had submitted a log of his email communications with counsel for Mother and Grandfather, which the court found further

7

demonstrated the intensity of the litigation.[5]  The court found it reasonable for Feldman to have billed about 600 hours on the case over the 22 months at issue, considering that Feldman was required to respond to Mother's and Grandfather's "dozen or so motions for relief," render necessary services in a related action, prepare post-trial briefing in 2018, prepare for a trial on Mother's request for custody (which had been delayed and vacated), and litigate the fee motion.

The court granted Feldman's request for fees and costs in the amount of $187,548, payable by Grandfather, and ordered Feldman to reimburse the court for any amounts he previously received from the court for fees and costs since September 17, 2018.[6]  Judgment was served on the parties in July 2021, and Grandfather timely appealed.

## DISCUSSION

A.      *Applicable Law and Standard of Review*

Section 3150 authorizes the trial court to appoint private counsel to represent the interests of a minor child in a custody or visitation proceeding if the court determines that such an appointment would be in the child's best interest.  (§ 3150, subd. (a) [requiring court and counsel to comply with rules 5.240, 5.241, 5.242].)  Appointed counsel must "continue to represent that

---

[5] The trial court overruled Grandfather's objection to the admission of the log into evidence.

[6] The court did not award Feldman all the fees he requested.  It declined to award fees in connection with certain motions and issues, including fees incurred in requesting a domestic violence restraining order against Mother, certain fees incurred in post-trial briefing, and fees incurred in seeking to join the San Mateo County District Attorney as a party to the case.

8

child unless relieved by the court upon the substitution of other counsel by the court or for cause." (§ 3150, subd. (b).)

Section 3153 and rule 5.241 govern the payment of fees for minor's appointed counsel. Minor's counsel is entitled to "a reasonable sum for compensation and expenses, the amount of which shall be determined by the court." (§ 3153, subd. (a).) That sum must "be paid by the parties in the proportions the court deems just." (*Ibid*.) Section 3153 is not limited to the parents of the child; it "applies to *all* parties, including a grandparent who has joined the action to seek custody of, or visitation with, a grandchild." (*In re Marriage of Perry* (1998) 61 Cal.App.4th 295, 299 (*Perry*).)

If the court determines that the parties together are unable to pay all or part of the counsel's fees and expenses, the county is required to pay the portion the parties are unable to pay. (§ 3153, subd. (b); rule 5.241(d).) In determining the parties' ability to pay, the court is directed to "consider factors such as the parties' income and assets reasonably available at the time of the determination." (Rule 5.241(b)(1)(A).)

It is well settled that " '[a] request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.' " (*Land Partners, LLC v. County of Orange* (2018) 19 Cal.App.5th 741, 745.) When we apply the substantial evidence standard to a judgment based upon a statement of decision following a bench trial, "findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) We presume that the trial court made every factual finding necessary

9

to support its decision, and any omissions or ambiguities in the statement of decision are waived unless they have been brought to the trial court's attention. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134 (*Arceneaux*).) In any substantial evidence challenge, an appellant must " 'set forth . . . *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived.' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman & Clark*).)

We review de novo whether the trial court had the statutory authority to make a fee award. (*George v. Shams-Shirazi* (2020) 45 Cal.App.5th 134, 138.) Even when our review is de novo, appellant bears the burden of demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

B.   *Analysis*

Grandfather argues on appeal that the trial court erred in requiring him to pay fees that were incurred after his custody petition was denied; that the court abused its discretion in awarding Feldman fees incurred after the superior court notified him it was terminating its contract with him; and that the court abused its discretion in awarding fees incurred in connection with certain motions. We consider the arguments in turn.

1.   *Fees Incurred After Denial of Grandfather's Request for Custody*

Grandfather argues that the trial court erred by ordering him to pay fees incurred by Minor's attorney after Grandfather was no longer seeking custody. He argues first that any award of fees against him is limited by section 2030, subdivision (d), "to an amount reasonably necessary to maintain or defend the action on the issues relating to [him]," and second, that it was an abuse of discretion for the court to order him to pay fees that were incurred after he no longer had any involvement in custody matters. We are not persuaded.

10

As to the first argument, Grandfather fails to cite any authority to support his contention that section 2030 applies to this case. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*) [appellant must "support claims of error with meaningful argument and citation to authority"; "[w]e are not required to examine undeveloped claims or to supply arguments for the litigants"].) By its terms, section 2030 applies only "[i]n a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment." (§ 2030, subd. (a).) The underlying case is not such a proceeding. The matter began with Father's 2011 petition to establish parental relationship as to Minor, and nothing in the record suggests that Mother and Father were ever married to each other.[7]

Grandfather's second argument rests on his contention that after the May 2019 judgment denying his request for custody and ordering him to pay fees to Feldman, he was "no longer involved in issues on his daughter's attempts at reunification and custody against the child's father," and that his only involvement in the case concerned the order that he pay Feldman's fees, which was being appealed. The trial court found otherwise, and discussed in great detail the evidence supporting its conclusion that Grandfather remained involved in the case after the conclusion of the trial on Grandfather's custody request and that his involvement extended into issues beyond the question of attorney fees. Because Grandfather failed to object to the trial court's statement of decision, he has waived any claim of ambiguity or omission by the trial court (*Arceneaux, supra*, 51 Cal.3d at pp. 1133-1134),

---

[7] At oral argument, Grandfather's counsel cited *Perry, supra*, as a case showing that section 2030, subdivision (d), applies to this case. But *Perry*, unlike this case, was a marital dissolution action. (61 Cal.App.4th at p. 298.)

11

and because Grandfather fails to discuss the evidence supporting the trial court's finding, he has forfeited any claim that the trial court's finding is not supported by substantial evidence. (*Foreman & Clark*, *supra*, 3 Cal.3d at p. 881.) Given the trial court's finding, Grandfather fails to show any abuse of discretion by the trial court in ordering him to pay Feldman's fees.

     2.    *Fees Incurred After Termination of Feldman's Contract*

        a.    *Additional Background*

In 2016, when Feldman was appointed to represent Minor pursuant to section 3150, his service was governed by a 2014 contract between Feldman and the superior court. On July 23, 2019, the executive officer of the superior court sent Feldman a letter informing him that the court was terminating the contract, for convenience and without cause, effective October 25, 2019. The letter stated that the court intended to transfer Feldman's clients to substitute counsel, and "[t]o that end" requested Feldman to provide the court with a list of the cases to which he was currently assigned as section 3150 counsel, and to "take any and all other actions as necessary to help effectuate the transfer of your cases to JDC [Juvenile Dependency Counselors]." The letter noted that under the terms of the 2014 contract, Feldman would continue to represent his current clients until the substitutions were made. (See § 3150, subd. (b) [appointed counsel "shall continue to represent the child unless relieved by the court upon substitution of other counsel by the court or for cause"].)

Mother and Grandfather learned of the letter when it was mentioned by the trial court at a hearing in May 2020. The court stated that on the basis of the letter it was inclined to relieve Feldman of his service in the case, but that could not happen immediately because the issue of fees would have

12

to be resolved within 30 days of the date he was relieved,[8] and any hearing on Feldman's pending fee request would have to be postponed in light of the COVID-19 pandemic. The court suggested the parties consider having the fee motion decided on the pleadings. Feldman agreed, but Grandfather did not and requested an evidentiary hearing.

At the August 2020 evidentiary hearing on the fee motion, Feldman testified that he complied with the July 2019 letter by providing the court with a list of cases to which he was assigned, as directed in the letter, and had a brief discussion with the director of JDC. He testified that he received orders setting aside his appointments for most of his cases in May of 2020, and that as substitute counsel were brought on in his cases he took the steps necessary to transfer the cases, but that no attorney had been brought in to substitute for him in this case.

In its statement of decision, the trial court rejected Grandfather's contention that the July 2019 letter bars an award of fees. The court stated that although it was "unfortunate that Feldman did not take action to transfer this case to successor counsel," Feldman was obliged to continue to represent Minor until a substitution was made. The court concluded that Grandfather offered no explanation why the court should impose a drastic penalty on Feldman for upholding his duties to Minor.

b.    *Analysis*

In arguing that the trial court abused its discretion in awarding Feldman fees he incurred after the termination of his contract on October 25,

---

[8] The court was apparently referring to the requirement in rule 5.241(a)(2) that any redetermination of the compensation for appointed counsel be made no later than 30 days after counsel is relieved as attorney of record.

2019, Grandfather contends that Feldman failed to inform the other parties of the contract termination in order to generate additional fees that he believed he could collect from Grandfather. Grandfather further contends that Feldman "overlitigated the case in order to seek fees from" him. These contentions are not supported by citations to the record, and we disregard them. (See *Williams v. Williams* (1971) 14 Cal.App.3d 560, 565 (*Williams*) [appellant must "cite the particular portion of the record supporting each assertion made"]; see also *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*) [we disregard assertions that lack record references].)

Moreover, although Grandfather contends that Feldman acted in his own interest in representing Minor after October 2019, not in Minor's, the trial court found otherwise. The court reviewed Feldman's billing entries and the record in the case, which included Feldman's declarations as to the work he had performed and the reasons for certain of the actions he took, and found that Feldman's activities and the time he spent on them "fairly correlate[ ] with the level of activity in the case and what would appear to be [Minor's] reasonable needs for representation." And although the court declined to award Feldman some of the fees that he requested, the court specifically found that Grandfather and Mother adopted a "scorched earth" approach to the litigation and that their litigation tactics increased Feldman's work. By failing to object to the trial court's statement of decision, Grandfather waived any claim of ambiguity or omission by the trial court (*Arceneaux*, *supra*, 51 Cal.3d at pp. 1133-1134), and by failing to discuss the evidence supporting the court's findings Grandfather has forfeited any substantial evidence challenge to the findings. (*Foreman & Clark*, *supra*, 3 Cal.3d at p. 881.)

14

Further, Grandfather appears to disregard the requirement that Feldman represent Minor until he was relieved as counsel by the court—a requirement imposed by Feldman's contract with the superior court and by statute.  (§ 3150, subd. (b).)  That did not happen until October 2020, even though the court was on notice of the impending termination of the contract by virtue of the July 2019 letter from the executive officer.  Grandfather asserts that if he or Mother had been made aware of the July 2019 letter they would have taken steps to have Feldman removed from the case.  But Grandfather cites no authority for the proposition that Feldman was required to notify him or Mother, nor does Grandfather demonstrate that any steps he or Mother might have taken between July 2019 and May 2020, when they learned of the letter, would have resulted in Feldman's removal from the case any sooner than October 2020.

In sum, the trial court found that Feldman's work correlated with the activity in the case and Minor's needs, and that Feldman was "faithfully upholding his duties *to his client,*" and based on those findings the court awarded him fees incurred after the October 25, 2019 effective date of the termination of his contract with the superior court.  Grandfather fails to demonstrate that the trial court abused its discretion in doing so.

### 3.   *Fees Incurred For Specific Motions*

We turn now to Grandfather's claim that the trial court abused its discretion in awarding Feldman fees incurred in connection with certain motions.

The court awarded Feldman fees he incurred in opposing a subpoena in a suit filed by Grandfather against law enforcement in the Town of Atherton. The trial court found that the suit arose from the enforcement of court orders concerning Minor, and that Feldman was subpoenaed to appear as a witness

15

and produce his work files. The court further found that Feldman "reasonably took steps to protect attorney client communications and work product generated for [Minor] in this case," and awarded fees for that work.

On appeal Grandfather contends, without any citation to the record, that Feldman "was clearly not protecting the minor but rather did not want to testify as to his own actions, as opposed to confidential information relating to the minor." We disregard these contentions, which are not supported by citations to the record. (*Williams*, *supra*, 14 Cal.App.3d at p. 565; *Duarte*, *supra*, 72 Cal.App.4th at p. 856.) Grandfather asserts that the motion to quash was denied, but he cites no authority holding that it is an abuse of discretion to award section 3153 fees incurred in preparing or arguing a motion that is unsuccessful. (See *Allen*, *supra*, 234 Cal.App.4th at p. 52 [claims not supported by meaningful argument and citation to authority are appropriately treated as forfeited].) In sum, Grandfather fails to show any error here.

Grandfather's other claims fare no better. Grandfather contends that the court abused its discretion in awarding Feldman "some of the fees" he incurred in connection with two other unsuccessful motions, both of which were motions for joinder. In October 2020 Feldman sought to join the San Mateo District Attorney as a party to the underlying case, based on allegations that the district attorney was refusing to enforce certain orders made by the trial court. The trial court explicitly denied Feldman's request for fees in connection with that motion, and Grandfather cites to nothing to suggest that any fees connected with that motion were awarded. In the other motion, Feldman sought to be joined as a party in order to enforce the May 2019 fee award against Grandfather that was the subject of *Robert I*. Even if we assumed that it would be an abuse of discretion to award fees in

16

connection with that motion, we would not reverse because Grandfather does not point to anything in the record to show that Feldman was awarded fees he incurred in connection with it.

Grandfather asserts that the court abused its discretion in awarding Feldman "some of his fees" in connection with a request for a protective order that Feldman filed on Minor's behalf against Mother. As with the motion to join the district attorney as a party, the trial court explicitly declined to award Feldman fees for this request; Grandfather cites to nothing in the record showing that any such fees were awarded; and therefore he has not shown an abuse of discretion.

Finally, Grandfather asserts that fees should not have been awarded for applications that Feldman filed to reverse certain orders that had been made against Mother. This assertion is not supported by any citation to the record, and we do not address it for that reason. (*Duarte*, *supra*, 72 Cal.App.4th at p. 856.)

## DISPOSITION

The challenged order is affirmed. Respondent R.I. shall recover his costs on appeal.

17

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Richman, J.


A163212, *Robert I. v. Alisa B.*

18