Filed 2/24/25  Stevenson v. County of Solano CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| BATHSHEBA A. STEVENSON, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> COUNTY OF SOLANO, <br><br> Defendant and Respondent. | A169843 <br><br> (Solano County <br> Super. Ct. No. FCS054069) |

Bathsheba A. Stevenson filed a lawsuit for personal injury against the County of Solano (County) alleging that she slipped and fell on a dangerous condition while coming out of the Vallejo John F. Kennedy Library.  The County filed a motion for summary judgment, which was granted on February 9, 2024.  Stevenson appears to seek reversal of the trial court order granting summary judgment and raises several other issues with the proceedings below.

We shall affirm the judgment.[1]

---

[1] Stevenson filed her notice of appeal before judgment was entered below.  In the interests of justice, we deem her appeal to be from the judgment.  (*Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 14, fn. 1.)

# I. BACKGROUND[2]

Stevenson filed her lawsuit on December 13, 2019, alleging a dangerous condition of public property. Stevenson claims she fell at the Vallejo John F. Kennedy Library on November 7, 2018. She states a library employee offered to assist her in getting up, but Stevenson quickly went on her way because she was embarrassed and she thought she could shake it off. Stevenson does not know what she slipped on, only that it was something she felt was greasy. The County filed a motion for summary judgment on November 21, 2023, on the grounds that it had no liability for Stevenson's injuries because the County had no notice of any alleged dangerous condition and there was no evidence Stevenson's injuries were caused by a dangerous condition. The notice of motion explained that the trial court had adopted a procedure for tentative rulings on motions in civil cases: the court would issue a tentative ruling the day before the hearing on the motion, which would become its order unless a party gave notice that it wished to appear and argue the matter.

The hearing on the motion for summary judgment was set for February 9, 2024. Stevenson did not file a timely opposition. Instead, on January 29, she filed a notice of "Motion to Amend Complaint." She provided no memorandum of points and authorities in support of this motion, but filed what appear to be a map and photograph of the library where she claims she was injured and a copy of the government claim form

---

[2] Stevenson failed to provide key parts of the record for our review. We glean some of this background from her appellate brief, and we augment the record on our own motion to include the County's memorandum of points and authorities, request for judicial notice, and declaration of Raymond Bangle III supporting its motion for summary judgment. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

she filed with the County in 2019. The notice of motion indicated Stevenson wished to amend her government claim form to allege that she "exited the exit door of the library and slipped [¶] [o]n a waxy substance. . . . There [was] no roped off area . . . . [to] warn [her] and other invited guests of the existing dangers condition." It does not mention the motion for summary judgment.

On February 8, 2024, the day before the summary judgment motion was set for hearing, Stevenson made an ex parte request for leave to file an opposition to the motion for summary judgment. The trial court denied this request and issued its tentative ruling granting summary judgment the same day. Without giving proper notice, Stevenson appeared at the hearing. She attempted to present to the court her opposition to the motion for summary judgment, which consisted of a declaration challenging the County's evidence as "incomplete" and "he[ar]say" and a handwritten response to the County's separate statement of undisputed facts.

The trial court granted summary judgment on February 9, 2024 and entered judgment in favor of the County. In its written order, the court denied the request to amend the "complaint" and determined that the effect of Stevenson's proposed amendment was "merely to clarify exactly where . . . [she] slipped with no change in legal theories presented and thus no potential effect on summary judgment." The court found the County met its initial burden on summary judgment by introducing "evidence that [Stevenson] cannot explain what caused her fall," which showed she "cannot prove that [the County]'s personnel had anything to do with creating a dangerous condition or that [the County] had notice of a

dangerous condition in time to correct it." Since Stevenson did not file an opposition, the court found she raised "no triable issue of material fact."

## II. DISCUSSION

### A. Stevenson's Burden on Appeal

Absent a contrary showing in the record, we make " 'all presumptions in favor of the trial court's action.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*) It is the appellant's burden to provide an adequate record, and failure to do so as to a given issue " 'requires that the issue be resolved against [the appellant].' " (*Ibid.*)

In addition, an appellant must "cite the particular portion of the record supporting each assertion made" (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565) and must support each argument by citation to appropriate authority or an issue is forfeited (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785). An appellant has the burden not only to show error, but resulting prejudice, or the claim of error fails. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)

As we will discuss, applying these principles, Stevenson fails to carry her burden on appeal as to any of the issues she raises.

### B. Motion for Summary Judgment

Summary judgment is proper " ' "only if no issues of triable fact appear" ' " and the moving party establishes it is entitled to judgment as a matter of law by showing " ' "that the plaintiff 'has not established, and cannot reasonably expect to establish,' " the elements of his or her cause of

action.' " (*State of California v. Allstate Ins. Co.* (2009) 45 Cal.4th 1008, 1017.)

We review a grant of summary judgment de novo, considering all of the evidence submitted by the parties (except evidence the trial court properly excluded) and the uncontradicted inferences reasonably supported by the evidence. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) We liberally construe the opposing party's evidence and resolve doubts concerning the evidence in favor of that party. (*State of California v. Allstate Ins. Co., supra*, 45 Cal.4th at pp. 1017–1018.)

The record before us does not reflect any triable issues of fact presented by the evidence. The County prepared a separate statement of undisputed facts, supported with evidence in the record. Stevenson did not oppose the County's motion, and the facts in the record do not suggest any way she could show that the County created a dangerous condition or knew about any dangerous condition such that the County could be found negligent or otherwise responsible for the injuries sustained by Stevenson. Stevenson points to no evidence that the County breached any duty or knowingly caused any dangerous condition at the time in question. She fails to meet her burden on appeal to show the trial court erred in granting summary judgment.

### C. Remaining Issues

Stevenson claims the court improperly denied her Code of Civil Procedure[3] section 170.6 peremptory challenge filed against the judge to whom her case was initially assigned, Hon. Bradley Nelson. She also raises ineffective assistance of counsel, denial of her motion to amend her

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

5

complaint, and denial of her request to file late opposition to the motion for summary judgment as issues to be addressed in her appeal.

Stevenson lists the denial of the section 170.6 motion against Judge Nelson as an issue in this appeal. Pursuant to the terms of the statute, a section 170.6 motion must be filed against an assigned judge within 15 days of the assignment to that judge. (§ 170.6, subd. (a)(2).) Judge Nelson presided over the matter for many months before Stevenson filed her section 170.6 motion, which was therefore untimely. Moreover, Stevenson could not have been prejudiced regarding the denial because the case was reassigned to Judge Tim P. Kam, who made the decision to grant the motion for summary judgment.

Stevenson claims in her opening brief that her lawyer abandoned her, and provided ineffective assistance of counsel, asserting that her counsel and Judge Nelson at a settlement conference determined that her case was in "bad faith" and "illegal." Stevenson's attorneys substituted out of the case after she rejected a settlement offer. After the law firm withdrew in January 2023, Stevenson represented herself in propria persona, including with regard to the summary judgment proceedings. Stevenson provides no facts, argument, authority or showing of prejudice supporting her apparent claim that the judgment should be reversed due to her attorneys' actions.

Finally, Stevenson argues that Judge Kam denied her motion for emergency hearing of a motion to amend and granted the County's summary judgment motion merely to clear his caseload. Denial of the motion to amend the government claim form is not a basis to find a triable issue of fact to defeat the summary judgment. The court did consider Stevenson's modified statement and specifically found it did not create a

6

triable issue of fact or impact the outcome of the motion.  And as we have discussed, Stevenson otherwise fails to show the trial court erred by granting summary judgment.

### III.  DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


SIMONDS, J.[*]


WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

A169843
*Stevenson v. County of Solano*

---

[*] Judge of the Sonoma County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.